**NICHOL, a Taxpayer et, etc v TOLHURST et, etc**

Ohio Appeals, 9th Dist, Lorain Co

No 678.  Decided Oct 6, 1933

H. H. Hoppe, Warren, G. A. Resck. Lorain, and Wm. A. Miller, Amherst, for plaintiff. J. J. Smythe, Village Solicitor, Amherst, and Andrews, Hadden & Burton, Cleveland, for defendants.

## OPINION

By THE COURT

In this action the plaintiff taxpayer seeks to enjoin the village of Amherst and certain of its officers from entering into a contract for the purchase of machinery and equipment for improving the municipal electric light system of said village.

Plaintiff claims that the village is without power to enter into such a contract as is proposed, which is known as the "Pledge of Receipts Plan" for purchasing machinery and equipment, and that there are certain defects in the proceedings of the officers of said village which invalidate the proposed contract.

The case turns upon questions of law and has been very fully briefed and ably presented to the court by counsel for the respective parties.

While there are Supreme Court cases bearing upon some of the questions presented, the Supreme Court of Ohio has not yet passed upon the right of a municipal corporation to enter into such a contract as is proposed in this instance, and as it is evident that the Supreme Court will be asked to pass upon this case, which clearly is one of great and general public interest, and as it is very desirable that the litigation be concluded as quickly as possible, we shall not take the time to detail the facts or set forth the various questions presented for our decision, nor the reasons for the conclusions which we have reached—which are:

First. That the village of Amherst has the power, under the constitution of Ohio, to enter into such a contract as is here proposed, and that the statutes of Ohio recognize such power and do not prohibit such contract.

Second. That the procedure followed by the village authorities in this matter is authorized by and substantially complies with the laws passed by the legislature of Ohio, and is therefore valid; there being no claim that said officials acted fraudulently or in bad faith.

A decree may be entered in favor of the defendants.

WASHBURN, PJ, FUNK and STEVENS, JJ, concur in judgment.